# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD STURGEN,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br>JONES RETAIL CORPORATION,<br><br>　　　　　　　　　　Defendant. | CASE NO. 09cv507 WQH (WVG)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is Defendant's Motion to Stay Temporarily. (Doc. # 21).

## BACKGROUND

Plaintiff filed a class action suit against Defendant in the Superior Court of California, San Diego Division alleging Defendant's stores had requested personal information from customers during retail transactions in violation of California Civil Code § 1747.08. (*See* Doc. # 1). On March 13, 2009, Defendant removed the case to this Court. (Doc. # 1). On July 20, 2009, Defendant filed a Motion to Stay Temporarily. (Doc. # 21). In the motion, Defendant contends the case should be stayed pending the outcome of two appeals in the Court of Appeal for the State of California which will address the issues of whether a zip code or an email address are "personal identification information" pursuant to California Civil Code § 1747.08. (Doc. # 21 at 1). Defendant explains that these decisions will determine the scope of the class. (Doc. # 21 at 6). Defendant claims the cases will likely be decided in December, 2009 so a stay would be brief. (Doc. # 21 at 3).

On August 3, 2009, the magistrate judge held a case management conference to plan discovery. (Doc. # 26). The magistrate judge issued an order following the case management conference which "directs that cross related discovery concerning address and telephone number disclosure will proceed at this time, subject to the pending motion to stay, and the

1  interests of moving this portion of the matter forward and helping foster the case for possible
2  settlement discussions." (Doc. # 27). In Plaintiff's response, he concedes that the issues of
3  whether a zip code or an email address constitute "personal identification information"
4  pursuant to California Civil Code § 1774.08 will determine the scope of the class, but contends
5  "it is not necessary to stay this case in order to efficiently deal with the impact of these
6  claims." (Doc. # 28 at 2). Plaintiff contends that the magistrate's order, which currently limits
7  "class certification related discovery" to the "disclosure of addresses and telephone numbers"
8  is a better solution. (Doc. # 28 at 2). Plaintiff states that if the California Court of Appeal
9  rules email addresses or zip codes are "personal identification information" pursuant to §
10 1774.08, extending the deadlines for discovery would allow further discovery as to these
11 issues. (Doc. # 28 at 2).

## ORDER

In determining whether a stay should be granted, courts consider (1) "the possible damage that may result from the granting of a stay;" (2) "hardship or inequity that a party may suffer if required to go forward;" and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

At this stage of the proceedings, Defendant has not established that it will suffer any "hardship or inequity" if the case goes forward. Discovery is currently limited to potential class members who could allege violations under settled California law on address and telephone number disclosure. Staying the entire case to avoid an issue which has not yet arisen will not benefit "the orderly course of justice" and will only create unnecessary delay.

IT IS HEREBY ORDERED Defendant's Motion to Stay Temporarily (Doc. # 21) is DENIED.

DATED: November 13, 2009

**WILLIAM Q. HAYES**
United States District Judge